

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 26, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Attn: Hon. T. M. Trimble
First Assistant

Opinion No. V-511

Re: Several questions rel-
ative to the taxation
of wheat while stored
in an elevator

Dear Sir:

You request the opinion of this office upon the questions contained in the letter of Mr. George M. Waddill, Business Manager of the Amarillo Public Schools addressed to you under date of February 5, 1948. His letter reads in part as follows:

"Who is responsible to pay the taxes on wheat stored in an elevator?

"(a) Is the elevator obligated to give the tax assessor information as to the owners of the stored wheat, the same as applies to warehouses?

"(b) Is the farmer whose farm is in the Amarillo Independent School District but whose wheat is stored in an elevator in the School District responsible for the tax on the stored wheat?

"(c) If the farmer lives in another county and has wheat stored in an elevator in the Amarillo Independent School District, is the farmer who owns the wheat supposed to pay the taxes in the District where the wheat is stored, or in the District in which he lives?

"(d) Would wheat stored in the elevator still belonging to the farmer be exempt under Section 19, Article 8?"

Preliminary to answering the foregoing questions contained in Mr. Waddill's letter, we quote Article 7243

V.C.S. and Article 1060a, V.C.S. and Section 19 of Article VIII of the Constitution of Texas.

Article 7243, V.C.S., provides, in part, as follows:

> "Any person, co-partnership, association or corporation doing business in this State as a warehouseman or operating or controlling a warehouse or <u>place of storage</u>, shall, upon demand of the <u>tax assessor of the county</u>, in which said business is operated or in which property is so stored, on January 1st of each year, furnish to the said assessor, a list of the property so stored in such warehouse or place of storage, together with a list of the owners of such property and their residence. . . ."

Article 1060a V.C.S. provides as follows:

> "That all of the provisions of Title 122, of the Revised Civil Statutes of Texas of 1925, be, and the same are made available in so far as same may be applicable and necessary to all school districts and municipal corporations organized under any general or special law of this State and which have power and authority to levy and collect their own taxes, and that each of such corporations shall have the benefit of all liens and remedies for the security and collection of taxes due them as is provided in said Title in the case of taxes due the State and County. Acts 1935, 44th Leg., p. 666, ch. 281, § 1."

Section 19 of Article VIII of the Constitution of Texas, provides as follows:

> "Farm products in the hands of the producer, and family supplies for home and farm use, are exempt from all taxation until otherwise directed by a two-thirds vote of all the members elect to both houses of the Legislature."

It is apparent from the provisions of Article 1060a, V.C.S., supra, that the provisions of Article 7243, V.C.S. are available to the Amarillo Independent School District for the reason that said article is com-

prehended under the provisions of Title 122 of the Revised Civil Statutes of Texas of 1925.

In answer to question (a) it is sufficient to say that a grain elevator comes within the provisions of the foregoing statutes. If it is not a warehouse under the commonly accepted use of the term, it is certainly a "place of storage".

It is, therefore, the duty of any "person, copartnership or corporation doing business in this State operating or controlling a grain elevator" in the Amarillo Independent School District to give the Tax Assessor of said district the information required by the foregoing statutes. The name and address of the owner and the number of bushels of wheat stored by such owner as of January 1, of each year would seem to be a sufficient compliance with the statutes. In the case of Interstate Forwarding Company v. Vinyard, 49 S.W. (2d) 403, the Supreme Court said:

"It is reasonable to believe that the Legislature intended to require of the warehouseman nothing more than that he furnish the assessor such information concerning the general nature of property on storage, and the names and addresses of the various owners, as the warehouseman necessarily acquires in handling the property in the ordinary course of business. . . ."

We next answer question (d) for the reason that our answer to this question will render an extended discussion of questions (b) and (c) unnecessary.

The Legislature has never, by two-thirds vote of all members of both houses, imposed a tax on farm products in the hands of the producer. This provision of the Constitution is still in full force and effect.

You are, therefore, respectfully advised that, wheat, owned by the producer, stored in an elevator in the Amarillo Independent School District or elsewhere in this State is still "in the hands of the producer", within the meaning of the above quoted section of the Constitution and not subject to taxation.

Briefly referring to questions (b) and (c), we think it safe to assume from the questions that the farmer

referred to is the producer and that he is still the owner of the wheat. The fact that it is stored in an elevator by him until sold is immaterial. Under such conditions, it would still be exempt from taxation under Section 19 of Article VIII of the Constitution of Texas. Of course, after it passes from the producing farmers ownership, it is no longer in his hands as the producer, and is, therefore, taxable, as any other personal property to the then owner under existing laws applicable to personal property. The residence of the farmer or the location of the elevator in which the wheat is stored are likewise immaterial. It would still be exempt from taxation as a farm product in the hands of producer until sold.

## SUMMARY

A grain elevator is a "place of storage", and comes under Article 7243 V.C.S. and Article 1060a. V.C.S. Wheat stored in a grain elevator by a farmer is not taxable if he is the producer of the wheat, so long as he is its owner. However, when the wheat is no longer owned by the farmer, as the producer, it is subject to tax as any other personal property of the then owner. Section 19, Article VIII, Constitution of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By L. P. Loller
L. P. Loller
Assistant

LPL/lh

APPROVED:

Fagan Dickson

(Acting) ATTORNEY GENERAL